**AMERICAN PRESIDENT LINES, Ltd.,**
Appellant,

v.

**FEDERAL MARITIME BOARD et al.,**
Appellees.

No. 12914.

United States Court of Appeals
District of Columbia Circuit.

Argued March 20, 1956.

Decided May 3, 1956.

Mr. Warner W. Gardner, Washington, D. C., with whom Mr. Alfred L. Scanlan, Washington, D. C., was on the brief, for appellant.

Mr. Edward H. Hickey, Atty., Dept. of Justice, with whom Messrs. Leo A. Rover, U. S. Atty., at the time the record was filed, Edward D. Ransom, Gen. Counsel, Federal Maritime Board, and Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellees.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

Plaintiff (appellant), American President Lines, Ltd., a subsidized shipping operator, filed this action for a declaratory judgment against the defendants (appellees), the Federal Maritime Board and its individual members. The complaint sought a judgment that the term "capital necessarily employed in the business," contained in General Order 31 issued under § 607(d) of the Merchant Marine Act of 1936, as amended, must be used by appellees rather than the definition of that term contained in General Order 71, as amended, in computing the net amount of the subsidy inuring to appellant under its operating-differential subsidy contract with the United States for the period January 1, 1947 to September 30, 1948.

The District Court[1] dismissed for lack of jurisdiction upon the ground, among others, that Congress had given appellant "a clear remedy" in the Court of Claims which "unquestionably has the right to consider and determine the validity of the action of the Board, * * *."[2] Since we agree, it is un-

---

1. D.C.1955, 133 F.Supp. 100, 103.

2. Appellant contends that its Court of Claims remedy is inadequate because that court cannot relieve it of the obligation to maintain an unnecessarily high special reserve fund under § 607(c) of the Act, 46 U.S.C.A. § 1177(c). Diminution of the fund is required by the statute to have the approval of the Board. In the face of a judgment by the Court of

necessary for us to consider the other grounds relied upon by the District Court.

Affirmed.

---

Claims determining that the definition in General Order 71 is invalid, the Board would be arbitrary in the extreme to withhold approval of a withdrawal from the fund solely on the basis of the definition. We agree with Judge Morris that,

. if the Court of Claims should uphold appellant's view of the definition, appellant "would receive the complete relief it seeks, even as to those funds which it is required to deposit in the special reserve fund." Id. at page 103.